LATHAM & WATKINS LLP
Timothy L. O'Mara (Bar No. 212731)
  tim.o'mara@lw.com
Kirsten M. Ferguson (Bar No. 252781)
  kirsten.ferguson@lw.com
Robin L. Gushman (Bar No. 305048)
  robin.gushman@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE BARFUSS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., TICKETMASTER L.L.C., and DOES 1 to 100,<br><br>Defendants. | Case No. 2:23-cv-1114<br><br>**DEFENDANTS LIVE NATION ENTERTAINMENT, INC. AND TICKETMASTER L.L.C.'S NOTICE OF RELATED CASES** |

Pursuant to Civil Local Rule 83-1.3.1, Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster L.L.C. ("Ticketmaster") give notice that this lawsuit[1] addresses material facts that overlap with material facts and issues of law in other civil cases filed in this District and assigned to the Honorable George H. Wu. *See Sterioff v. Live Nation Entertainment, Inc., et al.*, No. 2:22-cv-09230-GW-GJS (C.D. Cal.) ("*Sterioff*"); *Heckman, et al. v. Live Nation Entertainment, Inc., et al.*, No. 2:22-cv-00047-GW-GJS (C.D. Cal.) ("*Heckman*"); *Oberstein, et al. v. Live Nation Entertainment, Inc., et al.*, No. 2:20-cv-03888-GW-GJS (C.D. Cal.) ("*Oberstein*").[2]  This case, *Sterioff*, *Heckman*, and *Oberstein* "call for determination of the same or substantially related or similar questions of law and fact," and "would entail substantial duplication of labor if heard by different judges." L.R. 83-1.3.1(b), (c).  Moreover, this case and *Sterioff* "arise from the same or a closely related transaction, happening, or event."  L.R. 83-1.3.1(a).  This case should therefore be deemed related to *Sterioff*, *Heckman*, and *Oberstein*, and transferred to Judge Wu for further proceedings.

The allegations in this case overlap substantially with the allegations asserted in the *Sterioff*, *Heckman*, and *Oberstein* litigations before Judge Wu.  For instance, Plaintiffs in all of these cases are consumers who claim they paid supra-competitive prices for tickets on Ticketmaster's website as a result of Live Nation and

---

[1] This lawsuit was initially filed in the Superior Court of California, County of Los Angeles.  *See Barfuss, et al. v. Live Nation Entertainment, Inc., et al.*, No. 22STCV37958 (Cal. Super. Ct.) ("*Barfuss*").  Defendants file this Notice of Related Cases concurrently with their Notice of Removal.

[2] *Oberstein* (which was formerly captioned *Van Iderstine v. Live Nation Entertainment, Inc.*) was transferred to Judge Wu in May 2020, after the Court deemed *Oberstein* related to yet another case that was before Judge Wu: *Dickey v. Ticketmaster LLC, et al.*, No. 2:18-cv-09052-GW-GJS (C.D. Cal.) ("*Dickey*").  *See Oberstein*, Order Regarding Transfer, ECF No. 21.  In January 2022, the Court deemed *Heckman* (nearly a word-for-word copy of *Oberstein*) related to *Oberstein*, and so also transferred that case to Judge Wu.  *See Heckman*, Order Regarding Transfer, ECF No. 13.  And in January 2023, the Court transferred *Sterioff* to Judge Wu, after deeming *Sterioff* related to *Heckman* and *Oberstein*.  *See Sterioff*, Order Regarding Transfer, ECF No. 21.

Ticketmaster's alleged monopoly over the markets for ticketing services. *See Barfuss* Am. Compl. ¶¶ 26–27, 349–50; *Sterioff* Compl. ¶¶ 17–24, 43–44, ECF No. 1; *Heckman* Compl. ¶¶ 20, 25–28, 96, 114, 118, ECF No. 1; *Oberstein* Am. Compl. ¶¶ 1, 15, 20–22, 90, 108, 112, ECF No. 81. Plaintiffs in all of these cases also allege that Defendants engaged in various anticompetitive practices designed to enhance their alleged market dominance, including secretly encouraging the use of "bots" and other tools by ticket brokers to extract additional fees. *Barfuss* Am. Compl. ¶¶ 6, 305, 361; *Sterioff* Compl. ¶¶ 35–36; *Heckman* Compl. ¶¶ 13–14, 17, 101, 126(d); *Oberstein* Am. Compl. ¶¶ 8–9, 12, 95, 120(d).

Moreover, Plaintiffs in this case, *Sterioff*, *Heckman*, and *Oberstein* all allege that Live Nation and Ticketmaster violated antitrust laws by: (1) conditioning the provision of primary ticketing services on the use of secondary ticketing services from Ticketmaster, including through technological limitations on primary ticket transferability (*Barfuss* Am. Compl. ¶¶ 335–37, 390, 394–97; *Sterioff* Compl. ¶¶ 3, 35, 114–19; *Heckman* Compl. ¶¶ 15, 112, 162, 169–73, 176; *Oberstein* Am. Compl. ¶¶ 10, 106, 156, 163–67, 170); (2) entering into long-term exclusive dealing contracts for the provision of primary and secondary ticketing services (*Barfuss* Am. Compl. ¶¶ 348, 350, 391–92; *Sterioff* Compl. ¶¶ 3, 124–31; *Heckman* Compl. ¶¶ 41–42, 61–63, 148–54; *Oberstein* Am. Compl. ¶¶ 35–36, 55–57, 142–48); and (3) agreeing with and/or coercing ticket brokers and other ticket resellers to boycott Ticketmaster's competitors for the provision of secondary ticketing services (*Barfuss* Am. Compl. ¶¶ 6, 292, 336; *Sterioff* Compl. ¶¶ 135, 137; *Heckman* Compl. ¶¶ 175–76, 178; *Oberstein* Am. Compl. ¶¶ 169–70, 172).

Further, this case and *Sterioff* stem from the same "transaction, happening, or event" (L.R. 83-1.3.1(a))—specifically, Ticketmaster's handling of ticket sales for Taylor Swift's "The Eras Tour"—and involve similar questions of law and fact. Plaintiffs in both cases claim that Defendants engaged in intentional

misrepresentation, fraud, and fraudulent inducement in connection with ticket sales for The Eras Tour. *Barfuss* Am. Compl. ¶¶ 301–23; *Sterioff* Compl. 70–99. For example, Plaintiffs in both cases allege that Ticketmaster (1) misrepresented that all "verified" fans would receive codes to participate in the presale of "The Eras Tour" tickets (*Barfuss* Am. Compl. ¶¶ 296–98, 303, 312; *Sterioff* Compl. ¶¶ 37, 73–74); (2) knowingly issued more codes than its available ticket inventory (*Barfuss* Amend. Compl. ¶¶ 15, 302, 306; *Sterioff* Compl. ¶¶ 34, 74, 83); (3) did not issue codes to people who qualified (*Barfuss* Am. Compl. ¶¶ 9, 298, 303; *Sterioff* Compl. ¶ 29); and (4) knowingly allowed "scalpers" and "bots" to participate in the presale (*Barfuss* Am. Compl. ¶¶ 14, 17, 305; *Sterioff* Compl. ¶¶ 35, 82). Many other allegations in this case are virtually identical (nearly word-for-word) to the allegations in *Sterioff*—including allegations that Ticketmaster: (1) misled customers by scheduling a general public sale despite knowing it would not have sufficient ticket inventory after the presale (*Barfuss* Am. Compl. ¶ 18; *Sterioff* Compl. ¶¶ 40, 62); (2) misled Capital One cardholders into believing they would be able to purchase a ticket during the Capital One Presale (*Barfuss* Am. Compl. ¶ 16; *Sterioff* Compl. ¶¶ 39, 62, 76, 85); (3) represented that all tickets sold during the presale were priced at face value, but then allowed tickets to be resold at prices higher than the face value (*Barfuss* Am. Compl. ¶ 19; *Sterioff* Compl. ¶¶ 36, 61, 63–64, 75, 84); (4) sold VIP tickets while knowing that the mailed portion of the VIP package would be voided and never reach the fan (*Barfuss* Am. Compl. ¶ 20; *Sterioff* Compl. ¶ 38); (5) sold obstructed-view tickets without informing the customers of the obstructed view (*Barfuss* Am. Compl. ¶ 21; *Sterioff* Compl. ¶ 41); and (6) sold ADA-compliant seats without verification of disability (*Barfuss* Am. Compl. ¶ 25; *Sterioff* Compl. ¶ 42).

Further, as in *Sterioff*, *Heckman*, and *Oberstein*, this case raises substantial threshold questions related to the Ticketmaster arbitration agreement accepted by

the named plaintiffs. In *Oberstein* and *Heckman*, Defendants filed motions to compel arbitration based on the named plaintiffs' assent to Ticketmaster's arbitration agreement. Judge Wu granted the motion to compel arbitration in *Oberstein*, which was affirmed by the Ninth Circuit, and Defendants' motion to compel arbitration remains pending in *Heckman*. *See Oberstein*, Ruling Granting Defs.' Am. Mot. to Compel Arb., ECF No. 114; *Oberstein, et al. v. Live Nation Entertainment, Inc., et al.*, No. 21-56200 (9th Cir.), Op. Affirming Order Compelling Arbitration, ECF No. 56-1; *Heckman*, Defs.' Mot. to Compel Arb., ECF No. 30. Defendants also intend to file a motion to compel arbitration in *Sterioff*. *See Sterioff*, Order on Joint Stip. Setting Briefing Schedule, ECF No. 25.[3] This case raises the same threshold arbitration issues—such as whether users must agree to arbitration in order to sign in to their account or purchase tickets from Ticketmaster, and whether Ticketmaster's arbitration agreement delegates arbitrability questions to the arbitrator—that Judge Wu considered in *Oberstein*, and that Judge Wu will consider in *Heckman* and *Sterioff* when deciding the pending and forthcoming motions to compel arbitration, respectively.[4]

In short, the allegations and issues in this case overlap substantially with those presented in *Sterioff*, *Heckman*, and *Oberstein*. This matter therefore "call[s] for determination of the same or substantially related or similar questions of law and fact" as those in *Sterioff*, *Heckman*, and *Oberstein*, and it "arise[s] from the same or a closely related transaction, happening, or event" as *Sterioff*. L.R. 83-1.3.1(a), (b). Indeed, Judge Wu has already (on multiple occasions) analyzed and ruled on many

---

[3]   Judge Wu also granted Defendants' motion to compel arbitration in *Dickey*. *See Dickey*, Ruling Granting Defs.' Mot. to Compel Arb., ECF No. 33.

[4]   Judge Wu also considered and ruled on these same issues in two additional cases against Live Nation and Ticketmaster, both of which alleged similar unfair competition practices involving Defendants' arbitration agreement, and both of which the Court also related to the *Dickey* litigation: *Messing, et al. v. Ticketmaster L.L.C., et al.*, No. 2:18-cv-09386-GW-GJS (C.D. Cal.), and *Niedbalski v. Ticketmaster L.L.C., et al.*, No. 2:18-cv-10241-GW-GJS (C.D. Cal.).

of the issues presented in this case. As a result, there would be "substantial duplication of labor if [these cases were] heard by different judges." L.R. 83-1.3.1(c). Defendants respectfully request that the Court deem this case related to *Sterioff*, *Heckman*, and *Oberstein*, and transfer the case to Judge Wu.

Dated: February 14, 2023

Respectfully Submitted,

LATHAM & WATKINS LLP

By: */s/* Timothy L. O'Mara
Timothy L. O'Mara

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*