LATHAM & WATKINS LLP
  Timothy L. O'Mara (Bar No. 212731)
   tim.o'mara@lw.com
  Kirsten M. Ferguson (Bar No. 252781)
   kirsten.ferguson@lw.com
  Robin L. Gushman (Bar No. 305048)
   robin.gushman@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE BARFUSS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIVE NATION ENTERTAINMENT, INC., TICKETMASTER, L.L.C., and DOES 1 to 100, <br><br> Defendants. | Case No. 2:23-cv-01114-GW-KK <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS LIVE NATION ENTERTAINMENT, INC. AND TICKETMASTER L.L.C.'S *EX PARTE* APPLICATION FOR ADJUSTMENT OF SCHEDULE** <br><br> Judge: Honorable George H. Wu |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEM. OF P. & A. ISO DEFS.'
*EX PARTE* APPLICATION
CASE NO. 2:23-cv-01114-GW-KK

## I. INTRODUCTION

On March 2, 2023, Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") and Plaintiffs Julie Barfuss, et al. ("Plaintiffs") agreed to a reasonable schedule for moving this case forward: by March 31, 2023, Plaintiffs would provide a complete list of the email address(es) associated with each individual Plaintiff's Ticketmaster account(s); six weeks after the production of the complete list of email addresses, Defendants would move to compel arbitration and produce the account activity data that they uncovered by use of Plaintiffs' email addresses; Plaintiffs would oppose the motion to compel arbitration six weeks later; and Defendants would reply four weeks after that. ECF Nos. 26, 27.

Instead of adhering to that schedule, on April 6, 2023, Plaintiffs filed—without a stipulation or the Court's approval—a Second Amended Complaint adding over 100 Plaintiffs and various new allegations. ECF No. 44. And, as of this filing, Plaintiffs still have not provided a complete list of the email addresses associated with each Plaintiff's Ticketmaster account. Decl. of R. Gushman in Support of Defs.' *Ex Parte* Application for Adjustment of Schedule ("Gushman Decl.") ¶ 11. Despite the impact of these events on the previously agreed-upon case schedule, Plaintiffs refuse to stipulate to any change in the schedule. Accordingly, Defendants move the Court *ex parte* for an order stating that:

1. Plaintiffs must provide a complete list of the individual email address(es) associated with each Plaintiff's own Ticketmaster account(s) by May 5, 2023.

2. The deadline for Defendants to file their motion to compel arbitration shall be June 2, 2023, if Plaintiffs provide a complete list of the individual email address(es) associated with each Plaintiff's own Ticketmaster account(s) by May 5, 2023. If, however, Plaintiffs do not provide a complete list of the individual email address(es) associated

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

MEM. OF P. & A. ISO DEFS.'
*EX PARTE* APPLICATION
CASE NO. 2:23-cv-01114-GW-KK

        with each Plaintiff's own Ticketmaster account(s) by May 5, 2023, the deadline for Defendant's motion shall be 28 days after Plaintiffs provide a complete list of the email address(es) associated with each Plaintiff's own Ticketmaster account(s).

3. The deadline for Defendants to produce to Plaintiffs, in native and human-readable format, all data that Defendants uncover by use of Plaintiffs' email addresses reflecting the activity of each Plaintiff on his or her account concerning the matters at issue in this case shall be the same date as the deadline for Defendants to file their motion to compel arbitration.

## II.  BACKGROUND

On December 5, 2022, Plaintiffs filed a Complaint in the Superior Court of California, County of Los Angeles. Subsequently, on December 14, 2023, Plaintiffs filed a First Amended Complaint ("Amended Complaint"). Defendants then removed the action to this Court on February 14, 2023. And on March 2, 2023, the parties agreed to a briefing schedule (and related document production schedule) for Defendants' anticipated motion to compel arbitration, which the Court entered on March 3, 2023. ECF No. 27.

The Court held a scheduling conference on March 27, 2023. During that conference, Plaintiffs announced that they intended to add nearly 100 additional plaintiffs. Gushman Decl., Ex. A at 10-11. They informed the Court that they would send the proposed amended pleading to Defendants to "see if [Plaintiffs] can get a stipulation, otherwise, [Plaintiffs] will seek leave of Court" to file a Seconded Amended Complaint. *Id.* at 11. Plaintiffs also committed "to identify all of the e-mail addresses of all 340 plaintiffs" in the proposed Second Amended Complaint by the Court-ordered deadline of March 31. *Id.* at 13. Further, Plaintiffs informed the Court and Defendants that they were considering moving to remand the case to state court. *Id.* at 16-17.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

MEM. OF P. & A. ISO DEFS.'
*EX PARTE* APPLICATION
CASE NO. 2:23-cv-01114-GW-KK

On March 31, 2023, Plaintiffs sent to Defendants a list of email addresses. Gushman Decl. ¶ 9. After initial investigation, Defendants discovered that the list was incomplete, including because the email addresses for nearly 40 of the current and proposed additional plaintiffs were not associated with any Ticketmaster account. *Id.* at ¶ 11. Over the next two weeks, Defendants' counsel corresponded with Plaintiffs' counsel four times via email and teleconference in an attempt to obtain valid, Ticketmaster-associated email addresses for each of these plaintiffs. *Id.* ¶ 11. And Defendants have continued to discover problems with Plaintiffs' list of email addresses. For example, Plaintiffs list is riddled with duplicate email addresses—they have provided the same email address for multiple Plaintiffs (more than 30 in total have this problem). *Id.* ¶ 15. And Plaintiffs have not provided <u>any</u> Ticketmaster-associated email address for at least five Plaintiffs. *Id.* ¶ 16.

As of this filing, Defendants <u>still</u> do not have a complete list of Ticketmaster-associated email addresses for all of the current and proposed additional plaintiffs, and Plaintiffs have refused to provide such a list. Gushman Decl., Ex. E at 53.

On April 5, 2023, Plaintiffs sent to Defendants their proposed Second Amended Complaint. Gushman Decl., Ex. D at 44. In response, Defendants communicated their willingness to stipulate to the filing, but asked that the stipulation set a schedule for Plaintiffs' anticipated motion to remand the case[1]—

---

[1] Plaintiffs have given Defendants and the Court shifting accounts of whether and when they intend to file a motion to remand. They first raised the possibility during the March 27, 2023 scheduling conference, and on April 11, 2023, told Defendants that they would file the motion the following day (in violation of Local Rule 7-3's requirement that the motion be filed no earlier than seven days after a conference). Gushman Decl. ¶ 8, 14. Then, on April 12, 2023, Plaintiffs informed Defendants orally that they might file their motion on April 19, 2023. *Id.* ¶ 14. On April 20, 2023, Plaintiffs told Defendants orally that they may not file their motion for several weeks, if they file it at all. *Id.* At the time of this filing, Plaintiffs continue to refuse to agree to a briefing schedule for their motion or to commit to a date certain by which they intend to file it. In light of upcoming travel and other scheduling conflicts, and because the Local Rules provide for as few as seven days for Defendants' opposition to Plaintiffs' motion to remand, Defendants may need to seek additional relief from the Court should Plaintiffs eventually file their motion to remand and continue to refuse to agree to a briefing schedule that allows sufficient time for Defendants to respond.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

MEM. OF P. & A. ISO DEFS.'
*EX PARTE* APPLICATION
CASE NO. 2:23-cv-01114-GW-KK

which, because it is jurisdictional, should be resolved before any further proceedings in this Court, including Defendants' anticipated motion to compel arbitration. *Id.* ¶ 13. To that end, Defendants proposed a modest adjustment of the briefing schedules set forth in the Local Rules (which would provide for as few as seven days for Defendants' opposition to Plaintiffs' motion to remand) and in the parties' prior stipulation (ECF No. 27). *Id.*

Before responding to Defendants' proposal, Plaintiffs unilaterally filed their proposed Second Amended Complaint, in violation of the federal rules[2] and their commitment to the Court to seek a stipulation or the Court's leave before filing. ECF No. 44. After doing so, Plaintiffs rejected Defendants' proposed briefing schedule. Gushman Decl. ¶ 13. Over the next two weeks, Defendants communicated with Plaintiffs multiple times in an attempt to agree upon a reasonable schedule, offering various proposals for compromise. *Id*. Defendants also communicated that, if Plaintiffs would not agree, Defendants would seek these adjustments *ex parte*. *Id.* Plaintiffs' counsel never responded to those proposals for compromise. *Id.* In accordance with Local Rule 7-19.1, on April 20 and 24, 2023, counsel for Defendants contacted counsel for Plaintiffs orally and via email to advise them of the date and substance of Defendants' proposed *ex parte* application. *Id.* ¶ 15. Plaintiffs informed Defendants that they oppose this application. *Id*. Finally, on April 25, 2023, Defendants once more attempted to reach agreement with Plaintiffs

---

[2] When a state court action is removed to federal court, the removed action is treated as if the original action had been commenced in federal court. *See Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 887 (9th Cir. 2010). Consequently, where a plaintiff has already filed an amended complaint prior to removal, the plaintiff must obtain either the defendant's written consent or the court's permission before filing a second amended complaint. *See Jara v. Aurora Loan Servs.*, No. C 11-00419, 2011 WL 13391751 at *1 (N.D. Cal. Aug. 24, 2011) (striking second amended complaint where plaintiff filed first amended complaint in state court, defendants removed, and plaintiff filed another amended complaint in federal court); *see also Howell v. City of Fresno*, No. CV-F-07-371, 2007 WL 1501844, at *2 (E.D. Cal. May 23, 2007) (same result and reasoning); *Hosp. Mktg. Concepts, LLC v. Inter-Cont'l Hotels Corp.*, No. SACV 15-1342, 2015 WL 13284964, at *1-2 (C.D. Cal. Oct. 21, 2015) (same result and reasoning).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

MEM. OF P. & A. ISO DEFS.'
*EX PARTE* APPLICATION
CASE NO. 2:23-cv-01114-GW-KK

regarding the necessary schedule adjustments proposed in this *ex parte* application. *Id*. Plaintiffs refused. *Id.*

### III. ARGUMENT

Because of Plaintiffs' ongoing failure to provide a complete list of email address(es) associated with each Plaintiff's Ticketmaster account(s), together with the significant number of new Plaintiffs in the proposed Second Amended Complaint, Defendants respectfully request necessary adjustments to the original briefing schedule to which the parties had agreed and which the Court had ordered to ensure the efficient resolution of this case.

The discovery that Defendants agreed to produce and that Defendants will rely upon in their motion to compel arbitration—i.e., "all data that Defendants uncover by use of Plaintiffs' email addresses reflecting the activity of each Plaintiff on his or her account concerning the matters at issue in this action," ECF No. 27—is extremely time-consuming to collect and analyze. The data relating to each Plaintiff must be separately pulled from Defendants' systems and individually analyzed. Gushman Decl. ¶ 11. The proposed Second Amended Complaint adds over 100 additional Plaintiffs to the case—bringing the total number to 357. This significantly increases the time and burden of pulling and analyzing data for purposes of Defendants' motion to compel arbitration and the related discovery. And again, Defendants have spent the past three-and-a-half weeks attempting to resolve various issues with Plaintiffs' list of emails. Nevertheless, Plaintiffs still have not provided a complete list of Ticketmaster-associated email addresses, which they were required to do on March 31. Accordingly, Defendants' deadline to file their motion to compel arbitration remains unfixed, as the Court recognized when considering sequencing during the March 27, 2023 scheduling conference. Gushman Decl., Ex. A at 15. ("I presume ***if in fact the [P]laintiffs present the information to the [D]efendants by March the 31st***, six weeks after that [i.e., the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

MEM. OF P. & A. ISO DEFS.'
*EX PARTE* APPLICATION
CASE NO. 2:23-cv-01114-GW-KK

deadline for Defendants to file their motion to compel arbitration] would be May the 12th.") (emphasis added).

Defendants' request here is simple and reasonable. Defendants are simply asking that: (1) Plaintiffs comply with the Court's prior order, and provide the complete list of each individual Plaintiff's email address(es) associated with his or her Ticketmaster account(s), and that (2) the schedule for Defendant's motion to compel arbitration be modestly extended (from May 12 to June 2, if Plaintiffs can provide the complete list by May 5) to accommodate the delay. This should not be controversial. But Plaintiffs refuse. Defendants therefore respectfully request the Court's assistance, and ask that the Court issue an order stating that Plaintiffs must provide a complete list of the each individual Plaintiff's email address(es) associated with his or her Ticketmaster account(s) by May 5, 2023. Furthermore, Defendants respectfully request that the order state that the deadline for Defendants to file their motion to compel arbitration shall be June 2, 2023, if Plaintiffs provide a complete list of the individual email address(es) associated with each Plaintiff's own Ticketmaster account(s) by May 5, 2023. If, however, Plaintiffs do not provide a complete list of the individual email address(es) associated with each Plaintiff's own Ticketmaster account(s) by May 5, 2023, the deadline for Defendant's motion shall be 28 days after Plaintiffs provide a complete list of the individual email address(es) associated with each Plaintiff's own Ticketmaster account(s). Finally, the deadline for Defendants to produce to Plaintiffs, in native and human-readable format, all data that Defendants uncover by use of Plaintiffs' email addresses reflecting the activity of each Plaintiff on his or her account concerning the matters at issue in this case shall be the same date as the deadline for Defendants to file their motion to compel arbitration.[3]

---

[3] The proposed deadline for production of these materials assumes that the parties have agreed to and the Court has entered a stipulated protective order and order regarding the discovery of electronically stored information ("ESI"). On March 15, 2023, Defendants sent to Plaintiffs draft proposed protective and ESI

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

MEM. OF P. & A. ISO DEFS.'
*EX PARTE* APPLICATION
CASE NO. 2:23-cv-01114-GW-KK

Case 2:23-cv-01114-GW-KK   Document 45-1   Filed 04/25/23   Page 8 of 8   Page ID #:312

## IV. CONCLUSION

Defendants respectfully request that the Court grant this *ex parte* application.

Dated: April 25, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Timothy L. O'Mara*
Timothy L. O'Mara

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

---

orders that follow the orders approved in other cases before this Court. As of this filing, Plaintiffs still have not sent edits or comments to these drafts.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

MEM. OF P. & A. ISO DEFS.'
*EX PARTE* APPLICATION
CASE NO. 2:23-cv-01114-GW-KK