UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1114-GW-DTBx | Date | November 21, 2025 |
|---|---|---|---|
| Title | *Julie Barfuss, et al. v. Live Nation Entertainment, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:    IN CHAMBERS - ORDER RE DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**

    Upon hearing oral argument on Defendants' Motion to Dismiss the Fourth Amended Complaint ("4AC") (the "Motion"), the Court adopts its Tentative Ruling, *see* Docket No. 176, as its Final Ruling and grants leave to amend as to only Plaintiffs' seventh cause of action for breach of contract. Because the parties did not raise any further argument with respect to the first, second, third, and eighth causes of action, the Court addresses here only the fourth, fifth, sixth, and seventh causes of action.

    While Plaintiffs insist that the economic loss rule does not bar their fourth cause of action for negligence, there does not appear to be herein any basis on which the Court may find an applicable exception to this rule. Further, even if the economic loss rule does not bar this claim, the Court remains unpersuaded that Plaintiffs can plausibly allege that the special relationship exception to the no-duty-to-protect rule is applicable here. In its ruling on Defendants' Motion to Dismiss the Third Amended Complaint, the Court clarified that if Plaintiffs wished to proceed with a negligence claim premised on the theory of a special relationship, then they would need to specifically "argue that such a special relationship exists or that the *Rowland* factors are satisfied." *See* Docket No. 165, at 12. During the hearing on this Motion, Plaintiffs not only conceded that they did not address the *Rowland* factors in the 4AC as previously instructed by this Court but also could not articulate the precise nature of the special relationship that they believe exists. As already explained in the Tentative Ruling and during oral argument, the Court declines to create a duty of care based solely on Defendants' exclusive control of their online ticketing service (even if Defendants were aware of the unprecedented demand for tickets). The Court, therefore, grants the Motion with respect to the negligence claim without leave to amend.

    Plaintiffs' fifth and sixth claims for fraud and negligent misrepresentation, respectively, do not fare better. Although not entirely factually analogous, the Court finds instructive for this discussion the Ninth Circuit's recent decision in *Terpin v. AT And T Mobility LLC*, 118 F.4th 1102 (9th Cir. 2024). In *Terpin*, a customer sued his mobile service provider after hackers gained control over his phone number through a fraudulent "SIM swap," located his cryptocurrency access credentials, and stole $24 million in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 23-1114-GW-DTBx** | Date | November 21, 2025 |
|---|---|---|---|
| Title | ***Julie Barfuss, et al. v. Live Nation Entertainment, Inc., et al.*** | | |

cryptocurrency.  The customer asserted, *inter alia*, a fraud claim, alleging that the mobile service provider "falsely promised it would give him '"extra security" in the form of a six-digit code to prevent future account takeovers,' but a bad actor ultimately bypassed the code." *Id.* at 1111.  The Ninth Circuit affirmed the district court's dismissal of the fraud claim because "[e]ven if AT&T knew that the extra security measures it promised Terpin could be 'readily bypassed or evaded,' that does not support an inference that AT&T never intended to implement those security measures." *Id.* "Making 'a promise with an honest but unreasonable intent to perform is wholly different from making one with no intent to perform' and thus cannot be 'false.'" *Id.* (quoting *Tarmann v. State Farm Mut. Auto. Ins.*, 2 Cal. App. 4th 153, 159 (1991)) (citing *Magpali v. Farmers Grp., Inc.*, 48 Cal. App. 4th 471, 481 (1996)).

      Here, too, Plaintiffs have failed to sufficiently allege that Defendants made promises with no intent to perform.  Plaintiffs' reliance on the aftermath of the presales (*i.e.*, Defendants' purported failure to deliver on the promises they made) cannot support a plausible fraud theory.  Further absent from the 4AC are any allegations that plausibly suggest Defendants lacked reasonable grounds for believing their representations to be true when made.  The arguments presented at the hearing on this Motion do not convince this Court otherwise.  As such, the Court still finds dismissal of both the fraud and negligent misrepresentation claims appropriate.  In dismissing these same claims from the Third Amended Complaint, the Court had recommended that Plaintiffs "clearly separate out each alleged misrepresentation, followed (or joined) immediately by the 'who, what, when, where and how' details that must accompany the allegation, along with an explanation for how the statement/representation was misleading/false when made." *See* Docket No. 165, at 10 (internal footnote omitted).  The 4AC makes no such showing.  The Court, therefore, grants the Motion with respect to the fraud and negligent misrepresentation claims without leave to amend.

      As for Plaintiffs' breach of contract claim, the Court indicated that the 4AC plausibly alleges one of the four contract theories.  *See* Docket No. 176, at 22.  The Court will grant leave to amend with respect to the other three theories to the extent that Plaintiffs can identify the specific terms of the contract and the nature of the breach.  The Court previously dismissed this claim in part due to the lack of "specificity from Plaintiffs in terms of what Defendants represented." *See* Docket No. 165, at 7.  While the Court is once again "left to guess" the terms of the contract, *see id.*, the Court will allow Plaintiffs one last opportunity.  The Court will caution Plaintiffs, however, that it will not accept general references to supporting exhibits; Plaintiffs must identify the language from any exhibit cited that supports the existence of any alleged express term of the contract.  For example, to the extent Plaintiffs allege that they "accepted [certain] offer[s] by performance," *see* 4AC ¶¶ 483(b)-(d), Plaintiffs will need to point to the exact language in the "promotional material and email and other communications by Ticketmaster to its customers," *see id.* ¶ 483, that clearly sets forth the specific offers that were allegedly accepted.  Likewise, Plaintiffs must expressly delineate what exact term(s) of the contract(s) was (were) breached.

      In sum, the Court **GRANTS** the Motion with respect to claims four, five, and six without leave to amend, **GRANTS IT IN PART** with respect to claim seven with leave to amend, and **DENIES** it with respect to claims one, two, three, and eight (except as to restitution).

      **IT IS SO ORDERED.**